UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MANGANARO; ELIZABETH
ANN MANGANARO; and TEN SIXTEEN,
LLC,

        Plaintiffs,

    v.

TIMOTHY J. BAILEY; and CARBELLA
HOMES, LLC,

        Defendants.

CAUSE NO. 3:19-CV-127 DRL-MGG

OPINION AND ORDER

Plaintiffs filed this action against Defendants Timothy Bailey and Carbella Homes, LLC for fraudulently inducing Plaintiffs to make investments to Mr. Bailey and Carbella Homes. ECF 1. Carbella Homes failed to answer, even after the court warned Carbella Homes of its need to answer. ECF 22. An entry of default has been made under Rule 55(a) (ECF 30), and Plaintiffs now bring a motion for default judgment against Carbella Homes under Rule 55(b)(2) (ECF 33).

STANDARD

The court has discretion in granting a motion for default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Generally, all well-pleaded factual allegations of the complaint will be taken as true and entitle plaintiff to relief. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Beyond the well-pleaded allegations, the court may also consider several factors when determining whether to grant a default judgment,

including: (1) the amount of money requested; (2) delays resulting in prejudice to the plaintiff; (3) material issues of fact or substantial public importance; and (4) whether the default is strictly technical. *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008).

A determination of liability does not end the default judgment analysis. Once liability has been determined, the damages alleged by the plaintiff must still be proven. *See Wehrs*, 688 F.3d at 892. An evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits. *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)).

DISCUSSION

Taking all well-pleaded factual allegations in the complaint as true, Plaintiffs have established that Carbella Home's use of their funds was fraudulently induced. Plaintiffs Michael and Elizabeth Ann Manganaro met Mr. Bailey at a seminar in Chicago in Spring 2018 for people interested in acquiring and re-selling distressed real properties. ECF 1, ¶ 7. The Manganaros did not know Mr. Bailey before this time, nor were they knowledgeable in real estate investing. *Id.* ¶ 7-8. Mr. Bailey befriended the Manganaros and induced them to invest money with him instead of engaging in "home flipping" themselves. *Id.* ¶ 10. The Manganaros formed Ten Sixteen, LLC as a vehicle through which to invest in Mr. Bailey's business, while Mr. Bailey simultaneously formed Carbella Homes. *Id.* For each investment, the Manganaros sent money by wire transfer to Carbella Homes. *Id.* ¶ 12. The funds were advanced in the name of Ten Sixteen but were the personal property of the Manganaros. *Id.*

For each investment, Carbella provided Plaintiffs with a document entitled "Promissory Note." *Id.* ¶ 13. Carbella Homes acquired or improved real estate properties with these investments with the promise to pay the Manganaros a specified amount back from any future business transactions with the properties. *Id.* In total, there were nine promissory notes that Carbella Homes

sent the Manganaros, each dealing with a separate property. *Id.* ¶ 14. Plaintiffs allege that Carbella Homes committed securities fraud by failing to abide by their promise to engage in business transactions involving the properties. *Id.* ¶ 22. Additionally, Carbella Homes failed to make various material disclosures to Plaintiffs regarding Mr. Bailey's lack of experience in home flipping and his criminal background. *Id.* Plaintiffs seek return of their investments in Carbella Homes, totaling $1,116,491.44. ECF 33, ¶ 4. Plaintiffs also ask that the court divest Carbella Homes of their title and interest in the nine properties they acquired with the Manganaro's money. ECF 33, ¶ 8. Michael Sanganaro has filed an affidavit supporting all claims. ECF 33, Ex. A.

Plaintiffs have met their evidentiary burden for damages. Michael Manganaro's affidavit lists the unpaid promissory notes and accumulated properties of Carbella Homes. ECF 33, Ex. A. Plaintiffs also provided documentation of the promissory notes. ECF 1, Ex. A. The court is satisfied that this evidence is sufficient to show the amount requested is reasonably certain. The collective evidence supports Plaintiffs' demand for $1,116,491.44. ECF 33, ¶ 4, 8.

That said, the court GRANTS IN PART the motion for default judgment against Carbella Homes (ECF 33) and DIRECTS the clerk to enter judgment in Plaintiffs' favor and against Carbella Homes in the amount of $1,116,491.44, plus the costs of this action, with post-judgment interest to accrue by law. While Plaintiffs also ask the court to divest Carbella Homes of title to any of the properties acquired or improved through Plaintiffs' investments, the court declines to do so here. Plaintiffs have not cited any authority for this court to enter such a judgment, and to do so here could potentially lead to a windfall recovery. Of course, the judgment of this court can be used to establish a lien on these properties with state law providing remedy for any such lien.

SO ORDERED.

September 19, 2019  *s/ Damon R. Leichty*
Judge, United States District Court