UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MANGANARO; ELIZABETH ANN MANGANARO; and TEN SIXTEEN, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY J. BAILEY; and CARBELLA HOMES, LLC,<br><br>Defendants. | CAUSE NO. 3:19-CV-127 DRL-MGG |

## OPINION & ORDER

Plaintiffs filed this action against Defendants Timothy Bailey and Carbella Homes, LLC for fraudulently inducing Plaintiffs to make investments to Mr. Bailey and Carbella Homes. The court has already entered default and issued a judgment against Carbella Homes. The court has also entered a default against Mr. Bailey. Plaintiffs now request default judgment against Mr. Bailey.

## STANDARD

The court has discretion in granting a motion for default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Generally, all well-pleaded factual allegations of the complaint will be taken as true and entitle plaintiff to relief. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Beyond the well-pleaded allegations, the court may also consider several factors when determining whether to grant a default judgment, including: (1) the amount of money requested; (2) delays resulting in prejudice to the plaintiff; (3)

material issues of fact or substantial public importance; and (4) whether the default is strictly technical. *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008).

A determination of liability does not end the default judgment analysis. Once liability has been determined, the damages alleged by the plaintiff must still be proven. *See Wehrs*, 688 F.3d at 892. An evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits. *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)).

DISCUSSION

Taking all well-pleaded factual allegations in the complaint as true, Plaintiffs have established that Mr. Bailey's use of their funds was fraudulently induced. Plaintiffs Michael and Elizabeth Ann Manganaro met Mr. Bailey at a seminar in Chicago in Spring 2018 for people interested in acquiring and re-selling distressed real properties. ECF 4 ¶ 7. The Manganaros did not know Mr. Bailey before this time, nor were they knowledgeable in real estate investing. *Id.* ¶ 7-8. Mr. Bailey befriended the Manganaros and induced them to invest money with him instead of engaging in "home flipping" themselves. *Id.* ¶ 10. The Manganaros formed Ten Sixteen, LLC as a vehicle through which to invest in Mr. Bailey's business, while Mr. Bailey simultaneously formed Carbella Homes. *Id.* For each investment, the Manganaros sent money by wire transfer to Carbella Homes. *Id.* ¶ 12. The funds were advanced in the name of Ten Sixteen but were the personal property of the Manganaros. *Id.*

For each investment, Carbella Homes provided Plaintiffs with a document entitled "Promissory Note." *Id.* ¶ 13. Carbella Homes acquired or improved real estate properties with these investments with the promise to pay the Manganaros a specified amount back from any future business transactions with the properties. *Id.* In total, there were nine promissory notes that Carbella Homes sent the Manganaros, each dealing with a separate property. *Id.* ¶ 14. Plaintiffs allege that

Carbella Homes committed securities fraud by failing to abide by their promise to engage in business transactions involving the properties. *Id.* ¶ 22. Additionally, Carbella Homes failed to make various material disclosures to Plaintiffs regarding Mr. Bailey's lack of experience in home flipping and his criminal background. *Id.*

Plaintiffs alleged in their complaint, and Mr. Bailey did not deny, that Mr. Bailey is the alter ego of Carbella Homes, which is a shell company. *Id.* ¶ 35. As stated in the complaint, Mr. Bailey personally and individually made material misrepresentations of fact, failed to disclose material facts, and engaged in a scheme to defraud the Plaintiffs, to obtain their "investment" in these properties. *Id.* ¶ 22-23. Mr. Bailey's fraudulent conduct led directly to the loss of all funds paid to Carbella Homes by the Plaintiffs, which were not applied to build improvements on the real estate or used to purchase property in the Plaintiffs' names. ECF 46 ¶ 6. Plaintiffs seek return of their investments in Carbella Homes, totaling $1,116,491.44. *Id.* ¶ 9. Michael Manganaro has filed an affidavit supporting all claims. ECF 46-1.

Plaintiffs have met their evidentiary burden for damages. Michael Manganaro's affidavit lists the unpaid promissory notes and accumulated properties of Carbella Homes. ECF 46-1. Plaintiffs also provided documentation of the promissory notes. ECF 4-1. The court is satisfied that this evidence is sufficient to show the amount requested is reasonably certain. The collective evidence supports Plaintiffs' demand for $1,116,491.44. ECF 46 ¶ 3.

That said, the court GRANTS the motion for default judgment against Timothy Bailey (ECF 46) and DIRECTS the clerk to enter judgment in Plaintiffs' favor and against Mr. Bailey in the amount of $1,116,491.44, plus the costs of this action, with post-judgment interest to accrue by law. This order terminates this case.

SO ORDERED.

March 11, 2020                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court